Benjamin B. Hersh, Esq. City Attorney, Peekskill
Based upon your letter and a telephone conversation with this office, you ask whether officers of an emergency rescue and first aid squad ("squad") established under General Municipal Law, § 209-b(1) may wear badges of rank, and if so, whether the fire district in which the squad is located must, upon request of the squad, purchase the badges.
General Municipal Law, § 209-b(1) authorizes a fire district to organize emergency rescue squads composed of firemen who are members of the fire departments or fire companies serving the district. The activities of a squad are subject to regulation by the fire district and fire departments or fire companies within which it has been organized (General Municipal Law, § 209-b[1]; Town Law, § 176[10] and [11]; Opn St Comp, 1981, No. 81-25).
By resolution adopted under General Municipal Law, § 209-b(1) the fire district for which you serve as attorney organized a rescue squad within a volunteer fire company serving the district. The by-laws of the squad, as approved by the board of fire commissioners, provide for the election of squad officers and establish a chain of official command (By-laws of Mohegan Volunteer Fire Association, Inc., §§ 3.1, 3.8, 7.1). Squad officers are charged with the duty of supervising rescue operations of the squad (id., §§ 3.3[1], 7.1). We understand that the squad receives funds from the fire district and raises its own funds by soliciting contributions.
We believe that the wearing of badges of rank serves as an appropriate means of identifying squad officers and promoting rescue operations. We find nothing which prohibits officers from wearing badges, assuming that this is not prohibited by the regulations or by-laws of the fire district or fire company (General Municipal Law, § 209-b[1]; Town Law, §176[11]; By-laws, supra, § 6.5).
Town Law, § 176(13) provides that the board of fire commissioners of a fire district "may" purchase apparatus and equipment for the purposes of emergency rescue squads. We construe the language of this provision as being merely directory — that is, a fire district may purchase equipment for a squad at the squad's request, but is not required to do so. It is a rule of statutory construction that, in the absence of anything to indicate a contrary legislative intention, words of discretion, such as the word "may", are treated as permissive or directory, rather than mandatory (McKinney's Statutes, § 177 [1971]). We find no indication that the Legislature, in enacting Town Law, § 176(13), intended to divest a fire district of all discretion in making determinations concerning the expenditure of district funds for the purchase of squad equipment. We note that a squad may use its own funds to purchase badges.
We conclude that officers of an emergency rescue and first aid squad may wear badges of rank. The board of fire commissioners of a fire district may purchase such badges at the squad's request, but it is not mandatory that it do so.